UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
OLUBUNMI AWELEWA,

                Plaintiff,

    - against -

NEW YORK CITY, POLICE COMMISSIONER
RAYMOND KELLY, POLICE OFFICER JOHN
DOE, MACY'S, INC., and BRENDA
HOWARD,

                Defendants.
------------------------------------X

11 Civ. 778 (NRB)

**MEMORANDUM AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/30/2012

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    In a Memorandum and Order dated February 21, 2012, we dismissed all of plaintiff's claims brought under federal law. See Awelewa v. City of New York, No. 11 Civ. 778 (NRB), 2012 WL 601119 (S.D.N.Y. Feb. 21, 2012). Pursuant to 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim" where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). See also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims"). Here, we exercise this

discretion to decline supplemental jurisdiction over plaintiff's remaining claims brought under state law and accordingly dismiss plaintiff's complaint in its entirety.[1]

Dated:   New York, New York
         March 29, 2012

                                    /s/ Naomi Reice Buchwald
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

---

[1] At a conference on March 27, 2012, counsel for plaintiff and counsel for defendants Macy's Inc. and Brenda Howard both suggested this approach and indicated the appropriateness of resolving the remaining dispute in state court.

2

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

<u>Attorney for Plaintiff</u>:
Duncan A. Peterson, Esq.
Peterson Delle Cave LLP
233 Broadway, Suite 1800
New York, NY 10279

Attorney for Defendants
<u>Macy's Inc. and Brenda Howard</u>:
Robert N. Dunn, Esq.
Lester, Schwab, Katz and Dwyer LLP
120 Broadway
New York, NY 10271